JOHN W. HUBER, United States Attorney (#7226)
CAROL A. DAIN, Assistant United States Attorney (#10065)
Attorneys for the United States of America
185 South State Street, Suite 300
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

FILED IN UNITED STATES DISTRICT
COURT, DISTRICT OF UTAH

MAR 1 5 2016

D. MARK JONES, CLERK
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:15cr667 CW |
| Plaintiff, | STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY AND PLEA AGREEMENT |
| vs. | |
| CHARLES KIRK HELQUIST, | Judge Clark Waddoups |
| Defendant. | |

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and entering into this agreement:

1.      As part of this agreement with the United States, I intend to plead guilty to Count I of the Indictment. My attorney has explained the nature of the charge against me, and I have had an opportunity to discuss the nature of the charge with my attorney. I understand the charge and what the government is required to prove in order to convict me. The elements of Count I, Felon in Possession of a Firearm and Ammunition are:

      1.      After having been previously convicted of a felony punishable by more than one year imprisonment;

      2.      I knowingly possessed firearms and ammunition;

      3.      In or affecting interstate commerce.

2.      I know that the maximum possible penalty provided by law for Count I of the Indictment, a violation of 18 U.S.C. § 922(g)(1), is a term of imprisonment of up to 10 years, a fine of $250,000, a term of supervised release of up to 3 years, and any applicable forfeiture. I understand that if I violate a term or condition of supervised

release, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).

      a.  Additionally, I know the Court is required to impose an assessment in the amount of $100 for each offense of conviction, pursuant to 18 U.S.C. § 3013. Furthermore, restitution to the victim of my offense may be ordered pursuant to 18 U.S.C. § 3663.

      b.  I understand that, if I am not a United States citizen, I may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

3.    I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these procedures with my attorney. I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea if this occurs.

4.    I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

5.    I know that I have a right to plead "Not Guilty" or maintain my earlier plea of "Not Guilty" and can have a trial on the charges against me.

6.    I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

      a.  I have a right to the assistance of counsel at every stage of the proceeding.

      b.  I have a right to see and observe the witnesses who testify against me.

      c.  My attorney can cross-examine all witnesses who testify against me.

      d.  I can call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses. If I cannot afford to pay for the appearance of a witness and mileage fees, the government will pay them.

      e.  I cannot be forced to incriminate myself, and I do not have to testify at any trial.

      f.  If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

g.  The government must prove each and every element of the offense charged against me beyond a reasonable doubt.

h.  It requires a unanimous verdict of a jury to convict me.

i.  If I were to be convicted, I could appeal, and if I could not afford to appeal, the government would pay the costs of the appeal, including the services of appointed counsel.

7.  If I plead guilty, I will not have a trial of any kind.

8.  I know that 18 U.S.C. § 3742(a) sets forth the circumstances under which I may appeal my sentence.

9.  I know that 18 U.S.C. § 3742(b) sets forth the circumstances under which the United States may appeal my sentence.

10.  I know that under a plea of guilty the judge may ask me questions under oath about the offense. The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

11.  I stipulate and agree that the following facts accurately describe my conduct. These facts provide a basis for the Court to accept my guilty plea:

On September 4, 2015, in Monticello, Utah, in the Central Division of the District of Utah, I knowingly possessed a firearm and ammunition. Specifically, I possessed a loaded Browning A-Bolt, .270 WSM caliber rifle where I was located ~~trespassing~~ on private property. I acknowledge and admit the firearm and ammunition had traveled in and affected interstate commerce since they were manufactured outside the State of Utah. Furthermore, I acknowledge having been previously convicted of a felony punishable by imprisonment for more than one year. (*United States of America v. Charles Kirk Helquist*, Possession of a Firearm following a Domestic Violence Conviction, United States District Court for the District of Utah, case 2:08cr107 DB). These actions were done in violation of 18 U.S.C. § 922(g)(1).

12.  The only terms and conditions pertaining to this plea agreement between me and the United States are as follows:

a.  **Guilty Plea.** I will plead guilty to Count I of the Indictment.

b.  **Dismissal of Counts.** The government agrees to move for leave to dismiss Count II at the time of sentencing.

c. **Relevant Conduct.** I understand and agree that the Presentence Report may include descriptions of conduct I engaged in which either was not charged against me, will not be pleaded to by me, or both. I understand and agree that the Court may take these facts into consideration in sentencing.

d. **Acceptance of Responsibility.** The government agrees to recommend that my offense level under the U.S. Sentencing Guidelines be decreased by two levels for acceptance of responsibility pursuant to Sentencing Guideline § 3E1.1(a) if, in the opinion of the United States, I clearly demonstrate acceptance of responsibility for my offense, up to and including at the time of sentencing, as set forth in § 3E1.1 of the Sentencing Guidelines. In addition, the government agrees to move for an additional one-level reduction in the offense level, in accordance with Sentencing Guideline § 3E1.1(b), if I qualify for a two-level reduction under § 3E1.1(a) and the offense level is 16 or greater prior to receiving the two-level reduction.

e. ~~**Rule 410 Waiver.** If the Court finds that I failed to fulfill my obligations under this plea agreement, or if I withdraw my plea of guilty, I agree that this agreement, my statements pursuant to this agreement, or any leads derived therefrom, shall be admissible at any trial, hearing, or other proceeding.~~

13. I understand and agree that this plea agreement is solely between me and the United States Attorney for the District of Utah and does not bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

14. I understand that I have a right to ask the Court any questions I wish to ask concerning my rights about these proceedings and the plea.

\* \* \* \*

4

I make the following representations to the Court:

1. I am 41 years of age. My education consists of 12 years.
I Can [can/cannot] read and understand English.

2. This Statement in Advance contains all terms of the agreements between me and the government; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty plea of the additional terms. I understand the government and I cannot have terms of this plea agreements that are not disclosed to the Court.

3. No one has made threats, promises, or representations to me that have caused me to plead guilty, other than the provisions set forth in this agreement.

4. Neither my attorney nor the government has promised me that I would receive probation or any other form of leniency because of my plea.

5. I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

6. I am satisfied with my lawyer.

7. My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea. I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea, and I am not now under the influence of any drugs, medication, or intoxicants.

8. I have no mental reservations concerning the plea.

9. I understand and agree to all of the above. I know that I am free to change or delete anything contained in this statement. I do not wish to make changes to this agreement because I agree with the terms and all of the statements are correct.

DATED this 15st day of March, 2016

_____
CHARLES KIRK HELQUIST
Defendant

5

I certify that I have discussed this plea agreement with the defendant, that I have fully explained his rights to him, and that I have assisted him in completing this written agreement. I believe that he is knowingly and voluntarily entering the plea with full knowledge of his legal rights and that there is a factual basis for the plea.

DATED this 15th day of March, 2016

_____
ROBERT K. HUNT
Attorney for Defendant


I represent that all terms of the plea agreement between the defendant and the government have been, or will be at the plea hearing, disclosed to the Court, and there are no undisclosed agreements between the defendant and the United States.

DATED this 15th day of MARCH 2016.


JOHN W. HUBER
United States Attorney

_____
CAROL A. DAIN
Assistant United States Attorney

6